UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

VAN JENKINS,

        Plaintiff,              Case No. 1:21-cv-85

v.                               Honorable Paul L. Maloney

NATIONWIDE MUTUAL INSURANCE
COMPANY et al.,

        Defendants.
_____/

## OPINION

This is a civil action brought by a state prisoner. Previously, the Court granted Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any action brought by a Plaintiff proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it both fails to state a claim and is frivolous.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan.

Plaintiff sues Nationwide Mutual Insurance Company (Nationwide) and its employees Scott W. Boyer, Blake Staake, and Patrick Reynolds; University of Michigan Credit Union (UMCU) and its employees Elgin Batie, Nolan James, and Andrea Smith; Rightway Automotive Credit Company (Rightway) and its employee Eric Pennington; Livonia Police Department and its employees Detective Daniel Tar and Police Officers Kristen Crawford and Katy Ann Perkins; and Michigan Department of Insurance and Financial Services (DIFS) and its employees Insurance Analyst Tracy Lord Bishop and Finance Analyst Stanley Pollitt.

Plaintiff's complaint is a morass of allegations lacking any coherence sufficient to clearly identify what he intends to claim.  In 2012, while on parole, Plaintiff purchased a 2011 Ford Escape with financing provided by UMCU.  On May 6, 2013, Plaintiff and his vehicle were involved in a two-car collision on private property in Woodhaven, Michigan.  His vehicle suffered damage in the collision.

A little more than a week after that collision, on May 13, 2013, Defendants Crawford and Perkins pulled over Plaintiff after observing him driving the wrong way down a one-way street.  Plaintiff first provided an invalid international driving permit, and although Defendants Crawford and Perkins could see Plaintiff's State identification card, he refused to provide it.  After exiting the vehicle, Plaintiff was uncooperative and reached for his pocket.  At that point, Defendants Crawford and Perkins handcuffed Plaintiff.  Defendants Crawford and Perkins found several burglary tools in Plaintiff's vehicle as well as ski masks, gloves, and flashlights.  They also found a driver's license and ring belonging to a woman who had reported the items stolen.  Plaintiff was arrested, and his vehicle was impounded.  Several more items were later found in Plaintiff's vehicle including debit cards that had been reported stolen and several pawn shop business cards.

2

Apparently, Plaintiff left his vehicle impounded, and Oakland County declared it abandoned on July 17, 2013.  (*See* ECF No. 1-12, PageID.41.)  On August 23, 2013, however, the vehicle was reported as "[r]eleased to [o]wner."  (ECF No. 1-12, PageID.44.)  On March 26, 2014, UMCU reported that Plaintiff's former vehicle sold for $10,128.00.  (ECF No. 1-9, PageID.37.)  Because Plaintiff still owed UMCU $29,266.67 between the loan and other fees, his account remained deficient in the amount of $19,133.67 after accounting for the sale.  (*Id.*)

Attached to his complaint, Plaintiff has included his DIFS filings from December 30, 2020, and January 7, 2021; the sales contract for the Ford Escape; information on his insurance policy and UMCU's requirement that he insure the secured interest; several letters from UMCU explaining what Plaintiff owed on his loan; a facsimile of a book page highlighted to show a Michigan state statute pertaining to acceleration clauses in installment sales contracts; case reports from the collision and from his arrest; and one page of 24 from an August 17, 2013, hospital admission report.

For relief, Plaintiff seeks damages, costs, and fees.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

3

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

III.    **42 U.S.C. § 1983**

Reading Plaintiff's complaint with all due liberality, *Haines*, 404 U.S. at 520, Plaintiff intends to bring a civil rights action under 42 U.S.C. § 1983 against the Defendants who are government agencies and government agency employees.

A.      **State Actors**

Plaintiff has named as Defendants (1) government agencies, (2) employees of government agencies, (3) private entities, and (4) employees of private entities. To be clear, the Court does construe Plaintiff's complaint as intending a § 1983 action against the private entities and their employees.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

4

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where the defendants are not state officials, their conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally*, *Lugar*, 457 U.S. at 936–39 (discussing three tests).

Plaintiff has not presented any allegations by which the conduct of Defendants Nationwide, UMCU, Rightway, and their respective Defendant-employees could be fairly attributed to the State. Accordingly, he cannot state a § 1983 claim against them.

5

B.  **Statute of Limitations**

To the extent that Plaintiff intends to allege a claim under 42 U.S.C. § 1983 against DIFS, Livonia Police Department, and their respective Defendant-employees, his complaint is barred by the statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's § 1983 claims against these Defendants are untimely. Plaintiff asserts claims arising no later than March 2014. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, his claims accrued by 2014. However, he did not file his complaint until January 2021, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 42 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

A claim barred by the statute of limitations is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim) (citing *Jones*, 549 U.S. at 215); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (when a complaint on its face is barred by the statute of limitations, it fails to state a claim). Accordingly, the Court will dismiss, for failure to state a claim, the complaint against Defendants DIFS, Livonia Police Department, and their respective Defendant-employees.

IV. **Remaining Claims**

To the extent Plaintiff intends to bring a breach of contract or other state law claim against Defendants Nationwide, UMCU, Rightway, and their respective Defendant-employees, this Court lacks jurisdiction.

As the party seeking to bring this action into the federal courts, Plaintiff bears the burden of establishing the Court's subject matter jurisdiction over his claim. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing *Welsch v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)). Under 28 U.S.C. § 1332, a Plaintiff may bring a state law claim in a federal court based on diversity of citizenship if the amount "in controversy exceeds . . . $75,000, . . . and is

7

between . . . citizens of different States." § 1332. Courts have interpreted the language "between . . . citizens of different States" to require that no defendant may be a citizen of the same state as any plaintiff. *See Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Here, Plaintiff and several Defendants appear to be citizens of the State of Michigan. Plaintiff alleges that Defendants UMCU, Rightway, Batie, James, Smith, Pennington, Boyer, Staake, and Reynolds are all located in Michigan. Plaintiff was working in Michigan at the time his 2013 arrest, and he remained incarcerated at ARF in Michigan at the time he filed his complaint. He has not alleged any facts, nor has he offered any documentation, leading the Court to believe that complete diversity existed between the parties at the time he filed the complaint. Therefore, Plaintiff has failed to meet his burden to establish that the Court has subject matter jurisdiction over the claim. *See Shea v. State Farm Ins. Co.*, 2 F. App'x 478, 479 (6th Cir. 2001). Accordingly, the Court must dismiss the complaint against Defendants Nationwide, UMCU, Rightway, and their respective Defendant-employees.

V.      **Frivolity**

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint presents a variety of ramblings and is otherwise incoherent, in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court is unable to clearly find that a cause of action has been alleged—much less alleged against any named Defendant. Because the Court is unable to discern any identifiable claim, Plaintiff's complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Accordingly, Plaintiff's action is also subject to dismissal because it is frivolous.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed because it fails to state a claim and is frivolous, under 28 U.S.C. § 1915(e)(2). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   March 31, 2021          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge